# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHANEEKA BROWN, Administratrix of the Estate of Loretta Muldrew, <br><br>　　　　　Plaintiff, <br>　　v. <br><br>JOSEPH MCCORMICK CONSTRUCTION CO., INC., and OWEN MCCORMICK, <br><br>　　　　　Defendants. | Civil Action No. 14-27 Erie <br> Judge Nora Barry Fischer |

## **MEMORANDUM ORDER**

Presently before the Court is Defendant's Motion to Strike Second Amended Complaint Pursuant to Federal Rules of Civil Procedure 8(d)(1), 10(b), 12(f), and Local Rule 8 (Docket No. 26). Plaintiff has filed a Brief in Opposition to Defendants' motion (Docket No. 29). Upon consideration of these submissions, as well as Plaintiff's Second Amended Complaint (Docket No. 25), the Motion to Strike will be granted in part and denied in part. Plaintiff is directed to re-file her Second Amended Complaint within 10 days, consistent with the following instructions.

First, Rule 10(b) of the Federal Rules of Civil Procedure requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The purpose of this requirement is to create clarity in pleadings and provide the defendants with "a point of reference for responding." *Spence v. Schafer*, 2013 WL 1364025, at *4 (W.D. Pa. Mar. 7, 2013); *Young v. Centerville Clinic, Inc.*, 2009 WL 2448003, at *2 (W.D. Pa. Aug. 10, 1999). Despite this requirement, the Statement of Facts set forth in the Second Amended Complaint is broken into only a handful of numbered

1

sections, most of which contain several paragraphs (and, in some cases, full pages) of text describing a wide range of allegations. While the overall gist of Plaintiff's allegation may be adequately conveyed, some degree of preventable confusion will undoubtedly occur if Defendants are forced to address these broad, compound averments by way of an answer.[1] The Court also observes, parenthetically, that this is not a situation where the Plaintiff is *pro se* and is consequently entitled to a greater degree of laxity in observing the Federal Rules of Civil Procedure. *See Young*, 2009 WL 2448003, at *3 (granting a motion to dismiss based on Rule 10(b) where the court noted that the plaintiff was "represented by counsel who is or should be familiar with the pleading requirements of Rule 10"). Accordingly, Defendants' Motion to Strike pursuant to Rule 10(b) will be granted. *See, e.g., Hunter v. Indiana Sch. Dist.*, 2010 WL 1333232, at *6 (W.D. Pa. Mar. 31, 2010) (ordering the plaintiff to file an amended complaint to cure Rule 10(b) deficiencies).

Secondly, Plaintiff's Second Amended Complaint is in violation of Western District of Pennsylvania Local Rule 8, which states that "[n]o part shall set forth in a pleading originally filed with this Court a specific dollar amount of unliquidated damages in a pleading except as may be necessary to invoke the diversity jurisdiction of the Court or otherwise comply with any rule, statute or regulation which requires that a specific amount in controversy be pled in order to state a claim for relief or to invoke the jurisdiction of the Court." Plaintiff's request for "aggregate damages of not less than $1,000,000.00" will be independently stricken from the Second Amended Complaint.

---

[1] The difficulty in responding to a pleading crafted in this fashion is well illustrated by Defendants' inability to rely on paragraph numbers to easily and precisely identify the portions of the Second Amended Complaint that they are seeking to strike by way of Rule 12(f). *See* Motion to Strike, at 5-7. Rule 12(f) authorizes a Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Court will deny that portion of the Motion to Strike and permit Defendants to renew their objections, if necessary, once a more cogent complaint is filed.

Finally, the Court notes that the Decedent's purported failure to administratively exhaust several of her claims was a dispositive issue in the Court's prior decision to dismiss her First Amended Complaint. Plaintiff now contends that the Decedent received a Right-to-Sue letter from the EEOC on September 4, 2014. It appears that Plaintiff's counsel intended to attach that letter to the Second Amended Complaint. *See* Second Amended Complaint at 7-8. Despite that intention, the Court is unable to locate that letter on the docket. Plaintiff is directed to clarify the record by attaching the Right-to-Sue letter to the forthcoming pleading.

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' Motion to Strike is GRANTED IN PART and DENIED IN PART. Defendants' motion is denied to the extent that it requests to strike various portions of the Second Amended Complaint pursuant to Rule Federal Rule of Civil Procedure 12(f). Defendants' motion is granted to the extent that it argues that the Second Amended Complaint violates Rule 10 of the Federal Rules of Civil Procedure and Rule 8 of the Western District of Pennsylvania Local Rules.

It is further ORDERED that Plaintiff shall file an amended pleading that complies with the directives contained in this Memorandum Order on or before December 5, 2014.

*/s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

CC/ECF: All parties of record.
Date: November 20, 2014